## GALLAND v. KASS.

(Supreme Court, Appellate Term, First Department. May 11, 1915.)

1. SALES ☞164—CONTRACTS—LIABILITY OF BUYER.

　　A buyer of 50 pieces of cotton goods, at a specified price per yard, may refuse to accept a larger number of pieces tendered by the seller.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 386–390; Dec. Dig. ☞164.]

2. EVIDENCE ☞461—CONTRACTS—PAROL EVIDENCE.

　　Where an order called for 50 pieces of cotton goods without specifying the number of yards per piece, parol testimony of the understanding of the parties as to the number of yards per piece was admissible, and the seller could not compel an acceptance of pieces containing a greater number of yards.

　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. ☞461.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Nathan Galland, individually and as surviving partner of the firm of Eugene Galland & Son, against Max W. Kass. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Mark E. Goldberg, of New York City, for appellant.

I. H. Kramer, of New York City, for respondent.

COHALAN, J. [1] Plaintiff sued to recover the sum of $356 for failure of the defendant to accept certain merchandise pursuant to a signed order, dated the 23d day of April, 1914. On that date plaintiff's salesman called on the defendant, and obtained a written order for 50 pieces of cotton goods, to be delivered at 12½ cents per yard. The number of yards each piece was to contain was not specified in the order, nor was there stated therein the total number of yards to be delivered. However, the defendant testified that it was expressly agreed between him and the plaintiff's representative that the pieces should contain the same number of yards as defendant, in prior transactions, had purchased from the plaintiff. These pieces contained an average of 34 yards to each piece. Defendant's contention is borne out by the fact that theretofore the defendant purchased 20 pieces of goods containing 693 yards, or an average of 34½ yards to the piece. Moreover, the plaintiff delivered on the order herein five pieces, containing 157

yards, being an average of 31⅖ yards per piece, and the balance was to be held for the defendant's shipping instructions, and charged to him. The plaintiff thereafter tendered 81 pieces instead of 45 pieces, which the defendant refused to accept. When the defendant received a bill for 81 pieces of goods, he refused to accept the same, and, upon the evidence adduced, we are of the opinion that he was justified in his refusal. The plaintiff was entitled to charge for 45 pieces of ratiné, and no more.

[2] The order called for 10 pieces each of five different colors, and, as the number of yards each piece was to contain was not specified in the order, it was proper to introduce oral testimony to show what the understanding was in that regard between the parties. The evidence of the defendant is that the average agreed upon for each piece was 34 yards, and this evidence stands in the case uncontradicted. The plaintiff, therefore, could not set up a claim for pieces containing 50 to 60 yards each. All the other questions of fact in the case were properly resolved in favor of the plaintiff.

Judgment reversed, new trial ordered; costs to appellant to abide the event. All concur.